## Case No. 7,556.

### Ex parte JOYCE.

[23 Int. Rev. Rec. 297; 25 Pittsb. Leg. J. 17.][1]
District Court, W. D. Missouri. Aug. 15, 1877.

[1] [25 Pittsb. Leg. J. 17, contains only a partial report.]

The United States was represented by Hon. M. T. C. Williams, Asst. U. S. Atty.

Col. Joyce was represented by his attorney, Gov. Fletcher.

KREKEL, District Judge. Petitioner is before me on writ of habeas corpus seeking to be discharged from imprisonment in the penitentiary of Missouri, on judgment of this court in one of the whiskey cases. The indictment, under which the conviction was had, is drawn under the fourth and ninth subdivisions of section 3169 of the Revised Statutes of the United States. The pleader saw cause to reverse the order of the statutes, and in the three first counts of the indictment—under the ninth subdivision of the section cited—charges that defendant, Joyce, had knowledge of Feineman and of Sheehan violating the revenue law, and failing to report such knowledge as required. The fourth count charges that Joyce conspired and colluded with Sheehan to defraud the United States, an offence under the fourth subdivision of the section cited. On trial, the defendant was found guilty on each count in the indictment, and after filing motion for new trial, he withdrew the same before hearing, and demanded judgment, which was entered, and is in the following form: "That the said John A. Joyce, defendant, be imprisoned and confined for the term of two years in the Missouri penitentiary under the fourth count of the indictment, the first term to commence on this 13th day of November, 1875, and that under such count he pay a fine of one thousand dollars; and that he be further imprisoned and confined in such penitentiary for the term of eighteen months under the first, second and third counts of the indictment, and that under such counts he pay a fine of one thousand dollars, the second term of eighteen months to commence on the expiration of the first term of two years, and said two terms to constitute a continuous imprisonment of three years and six months."

Joyce, in his petition for the writ of habeas corpus, claims that the four counts of the indictment charge but one offence, and that when the court entered judgment on one count, it exhausted its power, and that Joyce having served out his sentence of two years—after allowing due credit for good behavior—he is entitled to a discharge, thus virtually claiming that the conspiring and colluding to defraud the United States under the fourth subdivision of section 3169, and the ninth

subdivision, the having the knowledge of the commission of offences against the revenue law and failing to report, is one and the same offence. There is no doubt that two offences —the conspiring and colluding to defraud, and the having knowledge of the violation of the revenue law without reporting—may be committed, for they have no necessary connection in so far at least, that a knowledge of the violation of the revenue law by others may be had, without the person having the knowledge being in the collusion to defraud. The various counts of the indictment under consideration so charge the offences as to connect them with the conspiracy to defraud entered into between Joyce, the revenue agent, and Sheehan, the distiller. Joyce, the revenue agent, must necessarily have known that others besides the distiller must violate the revenue law in order to carry out the design of the conspiracy to defraud, for without such violation it could not have been carried out and made effective. Feineman, the rectifier, was made the willing instrument in the conspiracy. The gauger and warehouse keeper became the paid tools. As soon as the conspiracy to defraud went into effect, Joyce, the revenue agent, well knew that the gauger, warehouse keeper and rectifier were violating the revenue law, such violations being calculated on in entering into the scheme to defraud. The evidence on the trial was all directed to the establishing of the conspiracy to defraud, for while the prosecution might have fallen short of a conviction in this particular, it could still have succeeded in showing that Joyce knew of violations of the revenue law without having reported them, so that the jury was justified, under the evidence, in finding guilty upon all counts, after being satisfied of the guilt of defendant on the conspiracy count. The proper judgment upon the verdict rendered was for the court, and the present inquiry is, did the court exceed its power in rendering the judgment it did. There is now no doubt upon my mind that the judgment of the court should have been as but for one offence and had the motion for a new trial not been withdrawn but considered it is probable that on consideration the conclusion now reached would have been arrived at, but certainly not to the advantage of the petitioner who would undoubtedly have received the full measure of punishment allowed by law. The Joyce case happened to be the first of the long line of whiskey fraud cases afterward tried here, and in other courts. Well do I remember my deep anxiety to bring offenders to justice on the one hand, and not to be unjust to defendants upon whom outraged public justice was about to descend. The justice of the case is now comparatively easy to determine. Not so the law, for the question is a grave one, in how far a court under habeas corpus proceeding can review its former judgments, for it amounts to nothing less than this. Upon the point of pronouncing one judgment only upon the various counts of the indictment, I have the indirect support of Justice Nelson, quoted in the Tweed Case;[2] upon the extent of the power of a court to review its former judgment in order to see whether it had power to pass the judgment it did, the supreme court of the United States, in Ex parte Lange, 18 Wall. [85 U. S. 163], has passed. But above all I feel relieved because the judgment about to be entered can be reviewed and the various questions involved authoritatively settled on appeal.

The conclusions arrived at are that the indictment under consideration in its various counts charges but one offence; that when the court entered its judgment on the conspiracy count it exhausted its power and that the rest of the judgment is void; that Joyce having served the full term of his sentence of two years in the penitentiary, (after allowing due credit for good behavior), is entitled to a discharge, which is granted him on condition that he and surety enter into recognizance of one thousand dollars to appear and obey any order of court which may be made in this or the appellate court.

At the conclusion of the judge's remarks in deciding the case, Col. Williams presented the application of the government for an appeal to the circuit court of the United States of this district. The appeal was granted, and Col. Joyce gave as his bondsmen for his appearance to abide the judgment of the court on the appeal, T. C. Fletcher and Wm. G. McCarty, in the sum of one thousand dollars.